**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STARLETTA L. BANKS,

                                CASE NO. 05-72227
    Plaintiff,                  HON. LAWRENCE P. ZATKOFF

v.

JENNIFER GRANHOLM, et. al.,

    Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 27, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants State of Michigan employees' (hereinafter, "State Defendants") Motion to Dismiss pursuant to Rule 12(b)(6). In Response, Plaintiff Starletta Banks has filed a Request for Trial Scheduling Order. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

## II. BACKGROUND

*Pro se* Plaintiff Starletta Banks filed the present Complaint on June 6, 2005 against numerous employees of the state of Michigan, as well as against certain named individuals. At the heart of Plaintiff's Complaint is the allegation that Defendants, under color of law, kidnapped her three children on October 21, 1998. *See* Complaint, at 7. Based on this allegation, Plaintiff asserts numerous violations of federal law, including claims of constitutional violations under 42 U.S.C. § 1983.

## III. LEGAL STANDARD

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. "In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Penny/Ohlmann/Niemann, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). In addition, the Court liberally construes the complaint of a *pro se* litigant. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## IV. ANALYSIS

Plaintiff's Complaint alleges numerous violations of federal statutes. Construing Plaintiff's Complaint liberally, the Court finds that Plaintiff is actually alleging a constitutional violation under 42 U.S.C. § 1983. This alleged constitutional violation relates to the alleged kidnapping of Plaintiff's children by the state of Michigan on October 21, 1998.

In their brief, State Defendants direct the Court to *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986), and argue that Plaintiff's Complaint has not satisfied the applicable statute of limitations. In *Carroll*, the Sixth Circuit concluded that actions brought pursuant to 42 U.S.C. § 1983 must comply with the three year limitations period for personal injuries set forth in MCL 600.5806(10). *Carroll v. Wilkerson*, 782 F.2d at 45. The Court agrees with State Defendants that a three year statute of limitations is applicable in the present case.

Plaintiff's children were allegedly kidnapped in October of 1998, nearly seven years prior to the filing of this action in June of 2005. Even construing Plaintiff's Complaint liberally, the last action complained of occurred on January 12, 2001, when Plaintiff alleges that her parents were "arbitrarily and capriciously" denied custody of her children. *See* Complaint, at 9. Even this latest allegation took place nearly four and half years ago and is well outside the three year statutory period.

Instead of properly responding to State Defendants' argument that the statute of limitations has run, Defendant has filed a Request for Trial Scheduling Order. By this Request, Plaintiff asserts that the Court is required under FED. R. CIV. P. 16 to issue a scheduling order prior to hearing any motions in order to "eliminate all wasteful activity." *See* Plaintiff's Request, at 1. Plaintiff's interpretation of Rule 16 is unsupportable. The Court routinely adjudicates motions to dismiss prior to conducting a scheduling conference or issuing a scheduling order. By adjudicating such motions early, the Court is able to dismiss those cases that cannot succeed as a matter of law. In this way. the Court is able to "eliminate all wasteful activity."

In conclusion, Plaintiff's Complaint fails to satisfy the three-year statute of limitations. Accordingly, Plaintiff's claims fail as a matter of law.

3

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS State Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Date: July 27, 2005

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE